UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFIA CAMPOS-RIEDEL, | No.  2:12-cv-2819 TLN DAD PS |
| Plaintiff, | |
| v. | ORDER |
| JP MORGAN CHASE, et al., | |
| Defendants. | |

    This matter came before the court on February 28, 2014, for hearing of defendants' motion to dismiss.  Plaintiff Sofia Campos-Riedel appeared on her own behalf.  Attorney David Scott appeared telephonically on behalf of the defendants.  Upon consideration of the arguments on file and at the hearing, and for the reasons set forth on the record at the hearing, defendants' motion to dismiss will be granted and plaintiff will be granted leave to file a third amended complaint.

    In drafting her third amended complaint, plaintiff is again cautioned, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 679.  Those factual allegations must be sufficient to push the claims "across

1

the line from conceivable to plausible[.]" Id. at 680 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

In this regard, although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The third amended complaint will supersede the second amended complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in any third amended complaint plaintiff may elect to file, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any third amended complaint filed by plaintiff must include concise but complete factual allegations describing the conduct and events which underlie her claims.

In drafting her third amended complaint, plaintiff is directed to pay particular attention to potential claims of promissory estoppel or negligence.[1] "The elements of promissory estoppel

---

[1] To the extent plaintiff may elect to re-allege her claim of fraud in the third amended complaint, plaintiff is again advised that under Federal Rule of Civil Procedure 9(b), fraud-based claims must be pled with "*particularity*." (emphasis added). Thus, "[a]verments of fraud must be accompanied by the *who, what, when, where* and *how* of misconduct charged" to give defendants notice of the particular conduct they must defend. Vess v. Ciba-Geigy Corp.USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted) (emphasis added). To the extent plaintiff may elect to re-allege her claim for violation of California Business & Professions Code § 17200, plaintiff is reminded that such a claim is not independently actionable under California state law and thus is dependent upon plaintiff's ability to state some other valid claim.

1 are: (1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages measured by the
2 extent of the obligation assumed and not performed." Quinteros v. Aurora Loan Servs., 740
3 F.Supp.2d 1163, 1171 (E.D. Cal. 2010) (citing Poway Royal Mobilehome Owners Ass'n v. City
4 of Poway, 149 Cal.App.4th 1460, 1471 (2007)).

5     In drafting her third amended complaint, plaintiff should also evaluate whether she can
6 state a valid promissory estoppel claim and, if so, draft the complaint accordingly, presenting
7 clear and concise factual allegations that state each element of a promissory estoppel claim
8 plainly and succinctly. See generally Rockridge Trust v. Wells Fargo NA, Case No. 13-cv-1457
9 JCS, 2014 WL 688124, at *16 (N.D. Cal. Feb. 19, 2014) ("As pled, it was reasonable for Shahani
10 to rely on the promise of a postponement in the hope that Wells Fargo would meaningfully
11 consider the loan modification application and possibly grant the modification. Wells Fargo
12 broke the promise to postpone the trustee's sale by allowing the sale to go forward on March 4,
13 2013. At this Rule 12(b)(6) stage, such allegations are sufficient to allege damages in support of
14 a promissory estoppel claim."); Harris v. Wells Fargo Bank, N.A., No. 12-cv-5629 JST, 2013 WL
15 1820003, at *10-11 (N.D. Cal. Apr. 30, 2013) ("Plaintiff here alleges that Wells Fargo, through
16 its representatives, repeatedly promised her that her failure to make monthly payments would not
17 result in default, late fees, or negative credit consequences during the pendency of her loan
18 modification application. Relying on that promise, in a reasonable manner entirely foreseeable by
19 Wells Fargo, Plaintiff refrained from making her monthly payments. Wells Fargo then charged
20 Plaintiff late fees, recorded a notice of default, and reported her failure to pay to credit agencies.
21 Plaintiff alleges that she was injured because absent the promise she would have paid her monthly
22 mortgage payments, and that her reliance on the promise resulted in negative credit consequences,
23 late fees, and foreclosure proceedings. Nothing more is required to adequately plead a
24 promissory estoppel claim."); Helmer v. Bank of America, N.A., No. CIV S-12-0733 KJM GGH,
25 2013 WL 1192634, at *4 (E.D. Cal. Mar. 22, 2013) ("Here, plaintiff's cause of action for
26 promissory estoppel alleges that defendant promised it would not foreclose on the house during
27 the loan modification and refinancing process, that plaintiff reasonably relied on this promise,
28 inducing plaintiff to not make his mortgage payments, and that plaintiff suffered detriment when

3

his house was sold at foreclosure sale."); Harvey v. Bank of America, N.A., 906 F.Supp.2d 982, 993 (N.D. Cal. 2012) ("Plaintiff alleges that '[i]n or around March or April 2009,' Plaintiff received promises from Defendant's agent, Hollander, that if Plaintiff stopped making payments on his loan for 90 days, he would receive priority treatment in the loan modification review and would not face foreclosure or other negative consequences.  Plaintiff alleges that he relied on this promise by missing three of his monthly payments, despite never having missed a payment previously.  Plaintiff also alleges damage in the form of a diminished credit score, the institution of foreclosure proceedings against him, and the accumulation of late fees and foreclosure-related attorney fees.  For pleading purposes, these allegations set forth a prima facie promissory estoppel claim arising from the alleged promise made to Plaintiff by Hollander."); Solomon v. Aurora Loan Services LLC, No. CIV. 2:12-cv-209 WBS KJN, 2012 WL 2577559, at *6 (E.D. Cal. July 3, 2012) ("Here, defendant allegedly promised that they would not foreclose on plaintiff's property while her HAMP application was pending.  Plaintiff allegedly could have paid back the arrearage to reinstate her loan, but followed defendant's advice to delay payment until after the results of her most recent HAMP application were in.  This step was taken in reasonable reliance on defendant's promise, and was foreseeable as it was precisely what defendant's agent advised her to do.  Plaintiff suffered injury as a result of her reliance because her home was foreclosed on before her HAMP application was resolved.  She has therefore sufficiently alleged the elements of a promissory estoppel claim.").

      With respect to a negligence claim, the elements of negligence are "duty, breach of duty, causation, and damages."  Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal.3d 583, 588 (1989).  In drafting the third amended complaint plaintiff should evaluate whether she can state a valid negligence claim and, if so, draft the third amended complaint accordingly, presenting clear and concise factual allegations that state each element of a negligence claim plainly and succinctly.

      Although the undersigned recognizes that, as a general rule, financial institutions owe no duty of care to a borrower some courts have found that plaintiffs have stated cognizable negligence claims under circumstances that appear similar to those alleged here.  See generally

4

1  Reiydelle v. J.P. Morgan Chase Bank, N.A., Case No. 12-cv-6543 JCS, 2014 WL 312348, at *18
2  (N.D. Cal. Jan. 28, 2014) ("In California, the test for determining whether a financial institution
3  exceeded its role as money lender and thus owes a duty of care to a borrower-client involves the
4  balancing of various factors, among which are (1) the extent to which the transaction was
5  intended to affect the plaintiff, (2) the foreseeability of harm to him, (3) the degree of certainty
6  that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's
7  conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6)
8  the policy of preventing future harm."); McGarvey v. JP Morgan Chase Bank, N.A., No. 2:13-cv-
9  1099 KJM EFB, 2013 WL 5597148, at *7 (E.D. Cal. Oct. 11, 2013) ("Defendant owes plaintiff
10 and those in similar circumstances a duty to exercise ordinary care in the loan modification
11 process."); Ansanelli v. JP Morgan Chase Bank, N.A., No. C 10-3892 WHA, 2011 WL 1134451,
12 at *7-8 (N.D. Cal. Mar. 28, 2011) ("Yet the complaint alleges that defendant went beyond its role
13 as a silent lender and loan servicer to offer an opportunity to plaintiffs for loan modification and
14 to engage with them concerning the trial period plan.  Contrary to defendant, this is precisely
15 'beyond the domain of a usual money lender.'  Plaintiffs' allegations constitute sufficient active
16 participation to create a duty of care to plaintiffs to support a claim for negligence."); Garcia v.
17 Ocwen Loan Servicing, LLC, No. C 10-0290 PVT, 2010 WL 1881098, at *4 (N.D. Cal. May 10,
18 2010) ("Here, by asking Plaintiff to submit supporting documentation, Defendant undertook the
19 activity of processing Plaintiff's loan modification request.  Having undertaken that task, it owed
20 Plaintiff a duty to exercise ordinary care in carrying out the task.").
21      Finally, plaintiff is also encouraged to attach as exhibits to her third amended complaint
22 any relevant documents that clearly support her claims for relief.

## CONCLUSION

24      Accordingly, IT IS HEREBY ORDERED that:
25         1. Defendants' January 13, 2014 motion to dismiss (Dkt. No. 38) is granted;
26         2. Plaintiff's December 12, 2013 second amended complaint (Dkt. No. 37) is
27 dismissed;
28 /////

3. Plaintiff shall file a third amended complaint **on or before March 21, 2014**, that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; any amended complaint plaintiff elects to file must bear the docket number assigned to this case and must be labeled "Third Amended Complaint;" failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

4. If any defendant named in plaintiff's original complaint, plaintiff's first amended complaint or plaintiff's second amended complaint is named as a defendant in the third amended complaint plaintiff may elect to file, that defendant shall respond to the pleading within thirty days after it is filed and served.

Dated: February 28, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\riedel2819.mtd2.ord.docx